IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RODNEY OTHEL McINTOSH,**

        **Plaintiff,**

        v.                    CASE NO. 13-3048-SAC

**FRED MESSINA, et al.,**

        **Defendants.**

## MEMORANDUM AND ORDER

This pro se civil complaint was filed pursuant to 28 U.S.C. § 1331 by an inmate of the CCA, Leavenworth, Kansas. Plaintiff claims that he was assaulted by federal prison employees and was injured and illegally confined as a result. Having reviewed the materials filed the court finds the pleadings are deficient in several ways. Plaintiff is given time to cure those deficiencies. If he fails to do so within the prescribed time this action may be dismissed without further notice.

## FILING FEE

The statutory fee for filing a civil rights complaint is $350.00. Plaintiff has submitted an Application to Proceed without Prepayment of Fees (Doc. 2). He is reminded that under 28 U.S.C. § 1915(b)(1), being granted leave to proceed without prepayment of fees does not relieve a plaintiff of the obligation to pay the full

1

amount of the filing fee. Instead, it entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).[1]

In addition, 28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Furthermore, § 1915(b)(1) requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits to or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.

Plaintiff has not provided the financial information required by federal law to support his application. The data he does provide is not in the form of a certified statement and includes transactions for only 4 of the 6 months immediately preceding the filing of this complaint. It does not include running or monthly balances, and each transaction is not plainly marked as either a deposit or a withdrawal. However, it does appear that several deposits have been made to

---

[1] Pursuant to § 1915(b)(2), the Finance Office of the facility where plaintiff is currently confined will be authorized to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

plaintiff's account, which indicates that he will be assessed and required to pay an initial partial filing fee once the court has the information to calculate the appropriate amount.

This action may not proceed further until plaintiff has provided the financial information required by federal law. He will be given time to provide the requisite information, and is forewarned that if he fails to comply with the provisions of 28 U.S.C. § 1915 in the time allotted, this action may be dismissed without further notice.

**ALLEGATIONS AND CLAIMS**

As the factual background for this lawsuit, plaintiff alleges the following. On October 27, 2010, plaintiff was assaulted outside his cell in the USPL by defendant Officer Fred Messina. Defendant Messina asked plaintiff to step out of his cell so Messina could conduct a cell search, and plaintiff complied. Plaintiff saw Messina toss his "Islamic relics and literature" onto the floor, and asked Messina three or four times if he could pick up his Qu'ran and prayer beads off the floor. Messina told him to go away more than once, then approached him outside his cell and commanded him to move. Plaintiff put his papers down and started to walk away, but then saw Messina "roughing through his property and stepping on his personal items." Messina looked up as plaintiff turned to pick up his papers and ordered him to go to the lieutenant's office. Messina then hopped toward plaintiff with his fist balled up and starting jabbing

3

at plaintiff's face. Plaintiff avoided or counteracted the jabs, and tried to hold off Messina and stay on his feet. Messina ordered plaintiff to stop resisting, continued to jab at him, and attempted to trip, hold, and body slam him and grab his neck. Messina called for assistance by pressing the panic button on his radio, and "over all available federal staff arrived." Plaintiff was then assaulted by Messina's "cohorts." His limbs were bent unnaturally, he was struck by several pairs of hands, and an unknown employee threw jabs at his face, which was also smashed against the concrete floor. Ketchum grabbed plaintiff's left harm hyperextending it and "they roughly applied restraints." Plaintiff was nauseated from the assault. His body was pulled from the ground by his limbs, and "they" bent his wrists while escorting him to the lieutenant's office. Plaintiff incurred multiple injuries including his "entire face was smashed" by knees and hands and stepped on, and his back was knelt upon by several staff causing severe pain. Plaintiff was taken to the Special Housing Unit (SHU) and was medically assessed.

Messina wrote an institutional violation report charging plaintiff with assaulting an employee. Plaintiff was also charged criminally. He was held in the SHU for 18 months. During this time in "the hole" plaintiff began taking psychotropic medications to treat the mental illness he developed from being completely isolated.

On October 6, 2011, plaintiff was indicted by a federal Grand Jury on nine counts of Assault of a Federal Employee in violation

4

of 18 U.S.C. § 111(a)(1). *U.S. v. McIntosh*, Case No. 11-cr-20085-KHV-1. On April 13, 2012, he was transferred to the CCA. On April 18, 2012, plaintiff completed the 48-month sentence he was serving at the time of the assault. The record of the criminal case shows that a detention hearing was held on the new assault charges, and bond was denied. On December 12, 2012, Mr. McIntosh was acquitted by a jury of assaulting Messina, but was found guilty of the eight remaining counts in the indictment. The record also shows that sentencing in the case is currently set for May 2013.

Plaintiff names as defendants Fred Messina and other correctional officers Michael Newell, Earl Genter, Officer Ketchum, and Keith Thomas. He seeks six million dollars in actual and punitive damages for personal injuries from the alleged beating and for false imprisonment as well as for mental trauma.

**SCREENING**

Because Mr. McIntosh is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim upon which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

**STANDARDS**

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). Still, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Twombly*, 550 U.S. at 558. To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and there must be "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific

legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

**DISCUSSION**

Plaintiff submitted his complaint upon forms and an attached pro se "civil complaint," neither of which complies with local court rules. His claims appear to be of three different types. First, he claims he was assaulted by federal prions employees. Second, he claims that he was or is being falsely imprisoned. Third, he claims that he developed mental illnesses as a result of his isolation in the SHU.

### 1. *Claim of Assault by federal prison employees*

Plaintiff's claim of assault is defective in several ways. First, Mr. McIntosh has not asserted a jurisdictional basis for this claim. He has not utilized court-approved forms for a particular federal action. To proceed under 28 U.S.C. § 1331 he must assert the violation of a federal constitutional right, which he has not done. He does not mention the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, et seq.; and this court does not provide forms for filing an FTCA complaint.[2] Moreover, it is not clear from

---

[2] If plaintiff sues federal employees for damages for acts taken in their official capacity he must proceed under the FTCA, and the United States is the only proper defendant. Plaintiff does not indicate whether he is suing defendant federal employees in their official or individual capacity. In addition, under the FTCA, plaintiff must have completed the administrative claim process by

7

plaintiff's allegations that he intends to or can establish diversity jurisdiction under 28 U.S.C. § 1332. The court is not free to construct a legal theory on plaintiff's behalf. Accordingly, plaintiff is required to file an Amended Complaint that clearly sets forth the jurisdictional basis for this claim.

Second, plaintiff does not allege facts showing that he exhausted all administrative remedies available within the Bureau of Prisons (BOP) on this or any of his claims prior to filing this lawsuit.[3] When directed to give details regarding his use of BOP administrative procedures including dates and results, he instead refers to his criminal proceedings. It thus appears from the face of the complaint that Mr. McIntosh has not exhausted the BOP administrative remedies on his claims. He is required to show exhaustion of administrative remedies in his Amended Complaint.

---

submitting his claim to the BOP prior to filing this lawsuit. Section 2675(a) of the FTCA provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been fully denied by the agency in writing and sent by certified or registered mail. . . .

[3] The BOP provides a three-level Administrative Remedy Program for inmates to obtain "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. First, an inmate must attempt informally to resolve the issue with institutional staff. 28 C.F.R. § 542.13(a). If the concern is not informally resolved, an inmate may file an appeal to the Warden. 28 C.F.R. § 542.14. Next, an inmate may appeal an adverse decision to the Regional Director. 28 C.F.R. § 542.15(a). Finally, the inmate may appeal to the BOP's Central Office. *Id*. No administrative remedy appeal is considered fully and finally exhausted until it has been denied by the Central Office. *Id*.

Third, plaintiff does not allege facts showing the essential element of personal participation on the part of each named defendant in the October 2010 assault. The only defendants referred to by name in the complaint and whose acts during the assault are described are Messina and Ketchum. To state a claim against defendants Newell, Genter, and Thomas, plaintiff is required in his Amended Complaint to explain what each of these defendants did to him and when; how that defendant's action harmed him; and what specific legal right plaintiff believes the defendant violated.

Fourth, it appears from the face of the complaint that plaintiff's claim for money damages based upon the alleged assault by Messina is time-barred.[4] "[An] action brought pursuant to 42 U.S.C. § 1983, is subject to the statute of limitations of the general personal injury statute in the state where the action arose." *See United States v. Kubrick*, 444 U.S. 111, 120 (1979). K.S.A. § 60-513(a)(4) provides a two-year limitations period for bringing an action "for injury to the rights of another." Like an action brought under § 1983, a Bivens action or a diversity action as a general matter "is subject to the statute of limitations of the general personal injury statute in the state where the action arose." *Muhammed v.*

---

[4] This claim would have accrued on the date of the alleged assault and not on the date that plaintiff was found not guilty of the assault charge that arose from the same incident. *See Wallace v. Kato*, 549 U.S. 384 (2007)(A § 1983 claim based on false imprisonment or illegal arrest accrues at the time of the issuance of process or arraignment, not when the conviction was reversed by the state court.).

9

*Moore*, 760 F.Supp. 869, 870 (D.Kan. 1991); *Turner v. Schultz*, 130 F.Supp.2d 1216, 1221 (D.Colo. 2001)(citing *Industrial Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994). An FTCA complaint is subject to a similar limitations period.[5] In his Amended Complaint, plaintiff must show cause why this claim should not be dismissed as time-barred.

Once plaintiff files an Amended Complaint, it will be screened under 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B) again and to determine whether or not he has cured these threshold deficiencies.

### *2. Claim of False Imprisonment*

Plaintiff claims false imprisonment based on the following allegations. As a result of the assault on October 27, 2010, he was indicted on October 6, 2011 by a federal Grand Jury for forcibly assaulting Fred Messina. On April 18, 2012, he completed the 48-month sentence he was serving at the time of the assault, but was detained to face criminal charges of assault on a federal employee. He was tried and acquitted of assaulting Messina on December 12, 2012. Based on these allegations, plaintiff claims that he was falsely

---

[5] The statute of limitations for an FTCA claim is set forth in 28 U.S.C. § 2401(b):

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

imprisoned and seeks money damages.

Plaintiff's own allegations and the record of his criminal proceedings refute his false imprisonment claim. His detention after completion of his prior federal sentence was not due to the charge of assaulting Officer Messina alone. Instead, he was detained on eight other charges and was found guilty of those charges. His argument that he would not have been charged with the other eight counts of assaulting various federal employees but for the assault incident with Messina is refuted by the record in his criminal case, which indicates that his assaults on other federal officers occurred on various dates. His argument that he is falsely imprisoned because he would not have been in the hole where he committed the other assaults were it not for Messina's assault is specious at best. The court concludes that the facts alleged by plaintiff taken as true utterly fail to state a claim of false imprisonment.[6]

### 3. *Claim Regarding Isolation*

Plaintiff claims that he was totally isolated in the SHU at the USPL for 18 months and as a result suffered "mental trauma," developed

---

[6] Plaintiff alleges that defendant Messina wrote an incident report against him for assaulting a federal employee and that he was held in the SHU for 18 months as a result. He further alleges that the charge was false, apparently relying upon his acquittal of assaulting Messina in the criminal case. Plaintiff does not state that he seeks damages in connection with the prison disciplinary proceedings. Even if he did, he alleges no facts showing that he was denied due process during those proceedings. Nor does he show that this disciplinary action actually was overturned on administrative appeal or by a court. It follows that his claim for money damages, if any, based on challenges to this disciplinary proceeding is barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Disciplinary proceedings are not criminal proceedings, and the standard of proof is only "some evidence," rather than beyond a reasonable doubt.

11

mental illness, and began taking psychotropic medication. Since his transfer to the CCA, plaintiff is no longer in the SHU at the USPL. He seeks money damages only. He does not adequately describe conditions that he was subjected to while in the SHU and show that they were unconstitutional, i.e., that they amounted to an "atypical and significant hardship" when compared to the ordinary incidents of prison life. Moreover, he does not allege that any named defendant caused unconstitutional conditions in the SHU. He may not hold a defendant liable for conditions plaintiff suffered from while in the SHU unless that individual personally participated in causing those conditions.

Plaintiff is given time to file an Amended Complaint in which he cures all the deficiencies discussed in this Memorandum and Order. He must submit his complaint upon court-approved forms and write the number of this case (13-3048-SAC) and "Amended Complaint" at the top of the first page. The Amended Complaint will completely supersede the original complaint. This means that plaintiff may not simply refer back to his original complaint, and instead must include all his claims and allegations in his Amended Complaint and fully answer all questions therein. It also means that once the Amended Complaint is filed, the original complaint will no longer have any legal effect, so that any claims or factual allegations not included in the Amended Complaint will no longer be before the court. Plaintiff is warned that if he fails to comply within the prescribed time, this action

may be dismissed without further notice.

**PENDING MOTIONS**

With his complaint, plaintiff submitted a Motion for Appointment of Counsel (Doc. 5). Having considered this motion, the court finds it should be denied because there is no right to appointment of counsel in this civil action and it appears highly unlikely that this case will survive screening.

Subsequent to filing his complaint, plaintiff submitted 11 motions, which are mainly frivolous and abusive. His duplicate motion for appointment of counsel (Doc. 14) is denied for reasons already stated.

The court has considered and denies plaintiff's Motion for Temporary Restraining Order (Doc. 6). This motion is premised partly upon plaintiff's claim that he is currently confined due to a wrongful conviction. Any claim that plaintiff's current confinement is illegal may not be litigated in this civil rights complaint. Instead, all challenges to the convictions pursuant to which he is currently confined must be presented to the trial court, if still feasible, and on direct appeal in his criminal case.[7] Moreover, a claim for money damages based on challenges to the convictions in his still-pending criminal case is clearly premature under *Heck*. The court notes that neither sentence nor a final

---

[7] Plaintiff has similar motions currently pending in his criminal case.

judgment has been entered in plaintiff's pending criminal case. This motion is also based upon plaintiff's conclusory allegations that "the Federal Government" may seek revenge by murdering him or attacking his family or property and his request for protective custody. He alleges no facts whatsoever to support these allegations and request. Nor does he show that he has sought protective custody through appropriate administrative procedures within the prison. Moreover, plaintiff utterly fails to allege facts establishing the requisite elements for entitlement to a temporary restraining order. This motion is frivolous and abusive.

The court has considered plaintiff's Motion for Injunctive Relief (Doc. 7) and Motion for Immediate Release (Doc. 15), and denies these motions. In these motions, plaintiff seeks dismissal of all counts in his criminal case, immediate release, and other improper relief. As already stated, plaintiff may not challenge his criminal convictions in this civil complaint. These motions are frivolous and abusive.

The court has considered and denies plaintiff's Motion for DNA Testing (Doc. 8). The court notes that he has filed a similar motion in his criminal case. No factual basis or legal authority is stated that would entitle plaintiff to DNA testing in this civil case. This motion is frivolous and abusive.

The court has considered plaintiff's Motion to Amend Complaint (Doc. 9). While plaintiff may amend his complaint once as a matter

of right, a complete Amended Complaint must be attached to the motion that is submitted upon court-approved forms and that complies with the Federal Rules of Civil Procedure regarding joinder of claims and parties. Plaintiff's motion is granted; but only to the extent that he is required to submit a complete and proper Amended Complaint. The attachments to his motion are not accepted as his Amended Complaint. These attachments appear to be multiple complaints against different persons based upon incidents that did not occur at the same time. It is not clear that all these claims and parties may be properly joined in this single action.[8] Because these attachments are not proper amendments, they will not be considered further herein. The court reiterates that plaintiff is barred by *Heck* from suing for money damages based upon the assaults of which he has been found guilty in his criminal case unless and until he manages to have those convictions overturned; and that any claim that those convictions are invalid must be raised on direct appeal and not in this civil complaint.

The court has considered and denies plaintiff's Motion to

---

[8] Under "the controlling principle" in FRCP Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *Id*. It also prevents prisoners from "dodging" the fee obligations and the three strikes provisions of the Prison Litigation Reform Act. *Id*. (FRCP Rule 18(a) ensures "that prisoners pay the required filing fees" for each action they file and that they are subject to the Prison Litigation Reform Act's limit of 3 frivolous suits or appeals that a prisoner may file without prepayment of the required fees.). Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Id*.

Appoint Master (Doc. 10). No factual basis or legal authority is presented that would entitle plaintiff to the requested action. This motion is frivolous and abusive.

The court has considered and denies plaintiff's "Motion for Miscellaneous Relief" (Doc. 11).[9] The relief that plaintiff actually seeks in this motion is not evident but appears to be his attempt to state a jurisdictional basis for his claims. He may not sue federal employees under 42 U.S.C. § 1983, as they act under color of federal rather than state law. He must file a complete Amended Complaint to add any claims or significant factual allegations. He has already been ordered to file an Amended Complaint in which he is to set forth the jurisdictional basis for his claims. This motion is frivolous and abusive.

The court has considered plaintiff's Motion for Miscellaneous Relief (Doc. 12). In this motion, plaintiff complains of denial of access to "the legal computer" at CCA, and seeks to prevent the medical department at the CCA from injecting him with a hypodermic needle. These claims are not shown to be related to the claims raised in the initial complaint, and personal participation by each of the named defendants in these events is not alleged. Plaintiff may not simply add claims by submitting a motion that is not a complete Amended Complaint and, in any event, may not add every new complaint

---

[9] Plaintiff must entitle a motion to reflect what court action he seeks in the motion. For example, motion for appointment of counsel and motion for restraining order. His motions for miscellaneous relief are improper.

16

he perceives unless all his claims may be properly joined in a single action under the Federal Rules of Civil Procedure. The court is not convinced that these claims can be properly joined in this action. Claims that are not properly joined may only be raised by the filing of a completely separate action for which plaintiff will be required to pay the requisite filing fee. This motion is denied as frivolous and abusive. Plaintiff's Petition for Name Change (Doc. 13) is denied for the same reasons, and because there is no showing that the federal court would have jurisdiction over such a petition.

The court has considered and denies plaintiff's Motion for immediate release (Doc. 15). The court repeats that plaintiff may not challenge his criminal convictions in 11-20085-01-KHV by way of this civil action. Nor is an inmate entitled to release based upon a claim of assault or excessive force. This motion is frivolous and abusive.

The court has considered and denies plaintiff's Motion for Miscellaneous Relief (Doc. 16) in which he seeks proof that summons has issued in this case or the issuance of summons. As noted, because Mr. McIntosh is a prisoner, his complaint is subject to screening. The court will not order issuance of summons until the screening process is complete and only then if plaintiff's claims have survived the screening process. This motion is unnecessary and frivolous.

Mr. McIntosh is directed to refrain from filing any additional frivolous or abusive motions in this case. The court finds that he

has impeded the processing of this case as well as the court's calendar by submitting numerous baseless motions. Mr. McIntosh is warned that if he continues to file frivolous motions, the court may place restrictions upon his filing of motions in this case.

Plaintiff is to proceed herein by submitting his Amended Complaint as ordered.

**IT IS THEREFORE ORDERED** that plaintiff is given thirty (30) days in which to submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of this action "obtained from the appropriate official of each prison at which the prisoner is or was confined."

**IT IS FURTHER ORDERED** that within the same thirty-day period, plaintiff is required to submit an Amended Complaint upon court-approved forms that cures the deficiencies set forth herein.[10]

**IT IS FURTHER ORDERED** that plaintiff's Motion to Amend Complaint (Doc. 9) is granted but only to the extent that plaintiff is required to file a complete and proper Amended Complaint as ordered herein; and that plaintiff's other motions (Docs. 5-8 and 10-16) are denied.

The clerk is directed to send plaintiff § 1331 complaint forms.

**IT IS SO ORDERED.**

---

[10] Plaintiff may utilize the court's § 1331 forms to file a complaint under either § 1331 or the FTCA. To us them for an FTCA claim, he must name the United States as the only defendant, clearly state that the complaint is brought under the FTCA, and provide information, including dates and amounts, showing that he has exhausted the FTCA administrative claim prerequisite.

Dated this 24th day of April, 2013, at Topeka, Kansas.

                                        s/Sam A. Crow
                                        U. S. Senior District Judge